AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                              **ORDER OF DETENTION PENDING TRIAL**

_____SHAWN LEE_____                 Case Number: 05-20022-01-JWL-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 9, 2006                      s/ David J. Waxse
                                            *Signature of Judicial Officer*

                                            DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

\*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Shawn Lee
Criminal Action 05-20022-01-JWL-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors set out in 18 U.S.C. §3142(g) that I have to look at to determine whether release is appropriate.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence. It certainly is not that, so that would be favorable towards your release.

The next factor is the weight of the evidence. There is a Grand Jury Indictment, so that is negative.

The next factor is the history and character of the person, including your physical and mental condition. There is nothing there that indicates a problem.

Family ties would be positive.

There does not appear to be any current employment, so that would be negative.

There does not appear to be sufficient resources that would enable you to flee, so that would be positive.

Length of residence in the community is a positive.

Community ties are positive.

Past conduct, which includes history related to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings are a problem. The biggest problem in that regard is that you have a large number of warrants that appear to have been in place for quite a while, which is not a good sign.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release pending trial. You were if these warrants are valid, because you were charged and then released on bond pending trial, so that's another negative.

The final factor is the nature and seriousness of the danger to any person in the community that

3

would be posed by your release. I don't think this case involves danger; it's more a case of being here to face the charges that have been filed against you. On balance, it appears to me that I cannot come up with conditions that I think are going to make sure that you come back. You had numerous opportunities when released and did not come back, which meant warrants were issued for your arrest six times. That's enough chances to appear when you're supposed to appear, so you will remain detained.